# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELLENIC PETROLEUM, LLC, a Florida limited liability company,<br><br>**Plaintiff**<br><br>v.<br><br>SACRAMENTO ENERGY RESOURCES, LLC, a Texas limited liability company, and DOES 1-20,<br><br>**Defendants** | CASE NO. 1:19-CV-0491 AWI SAB<br><br>ORDER TO SHOW CAUSE |

This is a business dispute between Plaintiff Hellenic Petroleum, LLC and Defendant Sacramento Energy Resources, LLC. Plaintiff brings claims for declaratory relief, trade libel, negligent interference with prospective economic relations, misrepresentation, and unfair competition. The Complaint alleges that this Court has diversity jurisdiction.

"[T]he question whether a court has subject matter jurisdiction can be raised at any time by the parties or the court." Beers v. Southern P. Transp. Co., 703 F.2d 425, 429 (9th Cir. 1983) (citing Fed. R. Civ. P. 12(h)(3)). Federal courts may exercise "diversity jurisdiction" when the amount in controversy exceeds $75,000 and the parties are "citizens of different States." 28 U.S.C. § 1332(a); Rainero v. Archon Corp., 844 F.3d 832, 839 (9th Cir. 2016). Diversity jurisdiction requires "complete diversity," meaning that the citizenship of each plaintiff is different from the citizenship of each defendant. Weeping Hollow Ave. Trust v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016). A natural person's citizenship is determined by her "domicile," which is the

person's "permanent home, where she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). The citizenship of an entity depends upon the form of the entity. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Like a partnership, an LLC "is a citizen of every state of which its owners/members are citizens." 3123 SMB, LLC v. Horn, 880 F.3d 461, 465 (9th Cir. 2018); Johnson, 437 F.3d at 899 (9th Cir. 2006); see Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

Here, there Complaint clearly indicates that over $75,000 is in controversy. The first cause of action alone alleges the wrongful delivery of $1.2 million of propane and the wrongful removal of nine railroad car loads of propane from Plaintiff's facility. However, the Complaint alleges that Plaintiff is "a company organized and existing under the laws of Florida, with a principal place of business located [in Florida]," and that Defendant is "a limited liability company registered in the State of Texas, with a principal place of business [in Texas]." Complaint ¶¶ 1, 2.

The problem is that both parties are LLC's and an LLC's citizenship is not determined by examining the State of organization or registration or the principal place of business. Johnson, 437 F.3d at 899. Since 2006, it has been clear in the Ninth Circuit that the citizenship of an LLC is not determined in the same or similar way as a corporation. See id. Rather, an LLC's citizenship is the same as its members/owners. Id.; see also Zambelli Fireworks, 592 F.3d at 420; 3123 SMB, 880 F.3d at 465. The Complaint contains no allegations regarding the respective LLC's members. Plaintiff's allegations regarding principal places of business and states of organization/registration do not provide any relevant information regarding the parties' citizenship.

"The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero, 844 F.3d at 839. As demonstrated above, Plaintiff has not met its burden of pleading diversity jurisdiction. Therefore, it is appropriate for Plaintiff to show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction. The response must demonstrate that Plaintiff has the ability to properly plead and invoke diversity jurisdiction.

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days of service of this order, Plaintiff is to show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction;

2. Once Plaintiff responds to this order, the Court will issue an additional order regarding the progression of this case; and

3. Failure of the Plaintiff to timely show cause will result in the dismissal of this case for lack of subject matter jurisdiction without further notice.

IT IS SO ORDERED.

Dated: __April 16, 2019__         _____
                                    SENIOR DISTRICT JUDGE