UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELLENIC PETROLEUM, LLC, a Florida limited liability company,<br><br>Plaintiff<br><br>v.<br><br>SACRAMENTO ENERGY RESOURCES, LLC, a Texas limited liability company, and DOES 1-20,<br><br>Defendants | CASE NO. 1:19-CV-0491 AWI SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE |

This is a business dispute between Plaintiff Hellenic Petroleum, LLC and Defendant Sacramento Energy Resources, LLC. On April 17, 2019, the Court issued an order to show cause why this case should not be dismissed due to lack of subject matter jurisdiction. See Doc. No. 6. Specifically, the Court found that the Complaint failed to allege complete diversity because the citizenship of the LLC's members was not alleged. See id.

On April 30, 2019, Plaintiff filed a response in which it indicated that its sole member is a natural person who is a resident and domicile of Florida and that Defendant's members are natural persons who are all residents and domiciles of Texas. See Doc. No. 7. Plaintiff also attached a red-lined proposed First Amended Complaint in which jurisdictional allegations are changed, two individual defendants are added, and the names of the additional defendants are added within the various causes of action. See id.

1  Diversity jurisdiction requires "complete diversity," meaning that the citizenship of each plaintiff is different from the citizenship of each defendant. Weeping Hollow Ave. Trust v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016). A natural person's citizenship is determined by her "domicile," which is the person's "permanent home, where she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Like a partnership, an LLC "is a citizen of every state of which its owners/members are citizens." 3123 SMB, LLC v. Horn, 880 F.3d 461, 465 (9th Cir. 2018); Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016).

Here, Plaintiffs response to the OSC indicates that the Plaintiff and Defendant are completely diverse. Since the citizenship of a natural person is determined by the person's domicile, the identification of the members' residence and domicile shows that Plaintiff is a citizen of Florida and Defendant is a citizen of Texas. See Johnson, 437 F.3d at 899; Kanter, 265 F.3d at 857.

With respect to the proposed amended complaint, Plaintiff adds as defendants Beth Johnson and Clifford Kast. The proposed amended complaint alleges that Beth Johnson is a resident and domicile of Texas and Clifford Kast is a resident and domicile of Wisconsin. As neither Johnson nor Kast are alleged to be citizens of Florida, adding these individuals as defendants will maintain complete diversity.

While it is clear Plaintiff can properly plead diversity jurisdiction, the proposed amended complaint does not actually do so. The proposed amended complaint alleges that Plaintiff's members are "residents" of Florida and that Defendant's members are "residents" of Texas. However, a person's State of residence is not necessarily her State of citizenship. See Kanter, 265 F.3d at 857; see also Scott v. Cricket Communs., LLC, 865 F.3d 189, 195 (4th Cir. 2017). Since domicile,ns, not residence, determines citizenship, allegations of residence are insufficient to establish citizenship or diversity jurisdiction. See Scott, 865 F.3d at 195; Rainero, 844 F.3d at 839;

Travaglio v. American Express Co., 735 F.3d 1266, 1268-69 (10th Cir. 2013); Kanter, 265 F.3d at 857-58. Thus, alleging the LLC's members' residency constitutes another pleading deficiency that also fails to properly invoke diversity jurisdiction.

Nevertheless, because Plaintiff's response has identified the LLC members' (who are each natural persons) domiciles, the pleading deficiency in the proposed amended complaint can be corrected. The Court will permit Plaintiff to file a first amended complaint, see 28 U.S.C. § 1653; Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1086 (9th Cir. 2014), but not the proposed first amended complaint. Instead, Plaintiff may file a first amended complaint that adds Beth Johnson and Clifford Kast as defendants, alleges the citizenship of Johnson and Kast, and alleges the citizenship (not residence) of the members of the LLC's.[1]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause (Doc. No. 6) is DISCHARGED; and
2. As soon as possible, but no later than fourteen (14) days from the service of this order, Plaintiff shall file a First Amended Complaint (as discussed above) that adds defendants Johnson and Kast and that properly alleges the citizenship of the parties.

IT IS SO ORDERED.

Dated:  May 2, 2019

_____
SENIOR DISTRICT JUDGE

---

[1] The members of the LLC's do not need to be expressly identified. It is enough to allege that an LLC's members are citizens of either Texas or Florida.

3